**UNITED STATES of America,**
**Appellee,**

v.

**Humberto GOMEZ–RIVERA,**
**Defendant–Appellant.**

**Docket No. 01–1132.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2002.

Colleen P. Cassidy, Legal Aid Society, New York, NY, for Appellant.

Caren Myers, Assistant United States Attorney, Brooklyn, N.Y. (Alan Vinegrad, United States Attorney, and Jo Ann Navickas, Assistant United States Attorney, on the brief), for Appellee.

Present VAN GRAAFEILAND, JACOBS and CABRANES, Circuit Judges.

### SUMMARY ORDER

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Humberto Gomez–Rivera appeals from a judgment entered in the United States District Court for the Eastern District of New York (Glasser, *J.*) on February 11, 2002, convicting him, after his guilty plea, of importing counterfeit currency in violation of 18 U.S.C. § 472. Gomez–Rivera argues that the court erred in denying him a downward adjustment for his minimal or minor role as a courier in the offense. He sought the adjustment under Section 3B1.2 of the United States Sentencing Guidelines ("U.S.S.G.") because he acted only as a courier for the owner of the currency, a man to whom he owed $5,000. His statements were the only evidence he offered in support of this position, however, and they conflicted with a post-arrest statement in which he told law enforcement agents that he had purchased the currency himself and brought it to a suitcase designer for concealment.

This Court "review[s] *de novo* the district court's legal conclusion as to whether the circumstances constitute 'minimal' or 'minor' participation," *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001) (citation omitted), but it reviews for clear error the factual findings underlying that conclusion. *See id.; United States v. Castaño*, 234 F.3d 111, 113 (2d Cir.2000); *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir.1999). "A sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific." *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993).

The district court observed that Gomez–Rivera's post-arrest statement was "rather remarkable in terms of its specificity," noted the defendant's difficulty in allocuting to the crime charged ("[e]ach time the story varied a little bit"), and concluded that, "[f]or all you or I know, the post-arrest statement is perhaps the true statement." The district court therefore ruled that Gomez–Rivera failed to meet his burden of proof. *See Shonubi*, 998 F.2d at 90 (affirming denial of drug courier's request for role adjustment because, "[d]eferring to the district court's credibility evaluations, there is no inconsistency in the decision to credit this post-arrest statement while discrediting appellant's later sworn testimony").

We affirm. The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a minimal or minor role adjustment under Section 3B1.2. *See Carpenter*, 252 F.3d at 234; *Castaño*, 234 F.3d at 113. "A sentencing court is not bound to accept defendant's self-serving characterizations of his role in an offense." *Shonubi*, 998 F.2d at 90; *see also United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990). "To the extent that the defendant's role cannot be discerned from the record, he has not carried his burden." *United States v. Lopez*, 937 F.2d 716, 726 (2d Cir.1991).

Gomez–Rivera argues that the district court relied erroneously on a non-existent rule against mitigating role adjustments for couriers. We read the ruling, however, as properly fact-based. The court was evidently observing, as we have also observed, that "[a] defendant's courier status does not entitle him automatically to the benefit of the minor and minimal role adjustments." *See Shonubi,* 998 F.2d at 90. That comports entirely with Section 3B1.2: a courier "is *not precluded* from consideration for an adjustment under this guideline." U.S.S.G. § 3B1.2, comment. (n.3A) (emphasis added).

Although the district court used the term "downward departure" instead of "adjustment," the imperfect recital in the transcript is "a simple misstatement not affecting the sentence," rather than "a failure to recognize an important distinction." *Lopez,* 937 F.2d at 728 (citation omitted). While a downward departure would be discretionary and a mitigating role adjustment is not, the district court did not deny Gomez–Rivera's motion on discretionary grounds. It found rather that there was no sufficient factual basis for the adjustment.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**